# Miller *against* Fitch.

The vendor of chattels under whom both parties to an action of trover claim, is a competent witness for the plaintiff.

ERROR to the Common Pleas of *Lycoming* county.

Jonathan Fitch against John Miller. This was an action of trover and conversion to recover the price of a quantity of lumber. Samuel G. Randall had been the owner of the property, and, as was alleged, sold it to the plaintiff; the lumber was subsequently levied upon an execution against Randall and purchased by Miller, the defendant. On the trial of the cause the question was, whether Randall was a competent witness to prove the sale and delivery to Fitch, the plaintiff. The court below (DONNELL, President) ruled that he was, to which opinion the defendant excepted.

*Armstrong*, for plaintiff in error, argued that there was an implied warranty arising out of the sale by the witness to the plaintiff, which rendered him interested in the result of the action, and therefore incompetent to testify. 1 *Watts & Serg.* 513; 4 *Watts* 292; 1 *Stark. Ev.* 110.

*Maynard*, contra, whom the court declined to hear, cited 10 *Watts* 9.

The opinion of the Court was delivered by

ROGERS, J. — The exception raises the question whether the vendor under whom both parties claim is a competent witness to prove the sale of the property in dispute to the plaintiff. The objection is that he is interested in the plaintiff's recovery, because, in the event of a verdict for the defendant, he is liable to the plaintiff in the implied warranty of title. The law which bears on this case is well settled, and is accurately stated in *Ross on Vendors* 334, where the authorities are cited. By the civil law, an implied warranty was annexed to every sale, in respect of the title of the vendor; and if goods sold by a person who had no title to them were taken from the vendee and re-delivered to the proprietor by sentence of the Judge, the vendee had his remedy on the warranty. So at the common law, where the vendee suffers by the insufficiency of his vendor's title, (as where he has sold goods as his own), he may recover a satisfaction from the vendee, although there may not have been any express warranty; for the fraudulent representation by the vendor that the goods

were his own, when he knew them to be the property of a stranger, is the cause of action; and, therefore, when the vendor has not affirmed the goods to be his own, nor expressly warranted them, the vendor is without remedy, for the common law will not imply a warranty, and in such case the maxim is *caveat emptor.* In the case in hand, so far from the vendor having made a false representation that the goods were his, it is agreed on all hands that, at the sale, the title to the goods was in the vendor; so that there is not even a pretence that in any event the vendor can be made liable to the vendee on the implied covenant of warranty. Indeed, it would seem that the vendor is swearing against his interest, for his testimony is offered to prove the sale, which under different circumstances might be the foundation of an action.

At the trial, the defendant contended that the sale was fraudulent, inasmuch as the possession did not accompany the sale. But, granting that to be so, yet this would be no ground for an action against the vendor. The vendee cannot complain of an act or omission of his own; for if the goods are lost in consequence of his not removing them, it is his own fault, for which the vendor, of course, will not be answerable. Viewing this case in any aspect, it is plain that the event of the suit is a matter of indifference to the vendor, and, consequently, there was no error in admitting him as a witness. Instead of being liable to both, he is liable to neither party. He is not liable to the plaintiff, for the reason given; nor to the defendant, for in judicial sales of chattels or real property there is no warranty. *Freeman* v. *Caldwell*, (10 *Watts* 9).

Judgment affirmed.